[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2009
THOMAS K. KAHN
CLERK

No. 08-14901
Non-Argument Calendar
_____

Agency Nos. A098-877-697, A098-877-698

MARIA PATRICIA CHACON-JACOME,
SANTIAGO GARZON-CHACON,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 18, 2009)

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Maria Chacon-Jacome and her son, Santiago Garzon-Chacon, petition for

review of the Board of Immigration Appeals' ("BIA's") decision affirming the

Immigration Judge's ("IJ's") order of removal and denial of their application for asylum and withholding of removal.[1]  After review, we deny the petition for review.

Chacon, a citizen of Colombia, filed her asylum application, claiming she suffered past persecution and has a well-founded fear of future persecution by the Revolutionary Armed Forces of Colombia ("FARC") because of her political activities supporting President Alvaro Uribe.[2]  After Chacon testified at her asylum hearing, the IJ denied all relief, but granted Chacon's request for voluntary departure.  On appeal, the BIA affirmed the IJ's decision.

To qualify for asylum, an applicant must prove her status as a "refugee." Immigration and Nationality Act ("INA") § 208(b)(1), 8 U.S.C. § 1158(b)(1).  A "refugee" is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

---

[1]Chacon's appellate brief does not challenge the denial of relief under the United Nations Convention Against Torture.  Thus, she has abandoned this claim.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

[2]Because Chacon's minor son is listed on Chacon's application as a derivative beneficiary, we refer only to Chacon, but our discussion of Chacon's claims applies equally to her son.

2

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). To carry her burden to prove statutory "refugee" status, an asylum applicant must, with "specific and credible evidence," establish that she suffered past persecution or has a "well-founded fear" of future persecution on account of a statutorily listed factor. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006); see also 8 C.F.R. § 208.13(a), (b).

As a threshold matter, we note that although the IJ questioned the believability of Chacon's testimony and pointed out inconsistencies in her testimony, we agree with Chacon that the IJ did not make a "clean" adverse credibility determination. See Yang, 418 F.3d at 1201 (requiring IJs to make "clean determinations of credibility"). Thus, we accept Chacon's hearing testimony as true. See De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1011 n.10 (11th Cir. 2008) (explaining that where IJ fails to make a clean adverse credibility determination, we accept the asylum applicant's testimony as true).

Even accepting Chacon's testimony as true, substantial evidence supports the IJ's and the BIA's denial of Chacon's asylum petition.[3] The parties raise issues regarding: (1) whether Chacon exhausted her administrative remedies as to or

---

[3]We review the factual determinations regarding whether an applicant is eligible for asylum or withholding of removal under the substantial evidence test. Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001). Under the substantial evidence test, "we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). Here, where the BIA affirmed the IJ's decision "for the reasons stated therein" and also elaborated upon those reasons in its own order, we review both the BIA's and the IJ's decision. See Al Najjar, 257 F.3d at 1284.

abandoned the issue of whether she proved a nexus between her political opinion and the alleged persecution and (2) whether Chacon's testimony was so vague that she was required to submit at least some corroborative evidence. We need not address these issues because we conclude the events Chacon suffered do not amount to past persecution and Chacon's fear of future persecution is not objectively reasonable.

More specifically, the verbal threats and one failed kidnapping attempt, which lasted only minutes and during which Chacon was not harmed, do not compel a finding that Chacon was persecuted. See, e.g., Djonda v. U.S. Att'y Gen., 514 F.3d 1168 (11th Cir. 2008) (concluding 36-hour detention, beating and threat of arrest did not amount to persecution); Zheng v. U.S. Att'y Gen., 451 F.3d 1287 (11th Cir. 2006) (concluding 5-day detention did not amount to persecution); Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1237 (11th Cir. 2006); (concluding "condolence" note and several threatening phone calls received three weeks after shots fired at car did not amount to persecution); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (concluding threats and menacing phone calls did not amount to persecution). Even considered cumulatively, the events Chacon described do not reach the level of severity found in cases in which the record has compelled a conclusion that the applicant was persecuted. See, e.g., De Santamaria v. U.S. Att'y Gen., 525 F.3d 999 (11th Cir. 2008) (involving verbal threats, assault

4

resulting in hospitalization, trauma from torture and fatal shooting of family groundskeeper who refused to reveal petitioner's location, kidnapping and beating with guns resulting in hospitalization); Ruiz v. Gonzalez, 479 F.3d 762 (11th Cir. 2007) (involving verbal threats, brief detention and physical assault during which another person was shot trying to escape, another brief detention in which petitioner was beaten with weapons and kidnapping during which petitioner's wife was raped, his farm animals were killed and petitioner was forced to march into the jungle, where he was held for 15 days before he escaped).

Furthermore, given Chacon's repeated trips back and forth between Colombia and the United States, including at least one with her infant son, substantial evidence supports the IJ's finding that Chacon's fear of future persecution was not objectively reasonable. See, e.g., Al Najjar, 257 F.3d at 1289-90 (stating that, to show a "well-founded fear," an applicant must show that her fear is objectively reasonable).

Because Chacon failed to establish her eligibility for asylum, her claim for withholding of removal, which has a higher burden of proof, also must fail. See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005). For all these reasons, we deny petitioners' petition for review.

**PETITION DENIED.**

5